UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 3 0 2009
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Wardell L. Tyree, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-2445 |
| ) | |
| Hope Village, Inc., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed.

The complaint purports to assert claims for damages and injunctive relief under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and Privacy Act, 5 U.S.C. § 552a, against Hope Village, Inc., a half-way house in the District of Columbia, where the plaintiff once lived.

Only agencies, as that term is defined in 5 U.S.C. § 551(1), are subject to the FOIA and Privacy Act. *See* 5 U.S.C. § 552(f)(1); 5 U.S.C. § 552a (adopting the definition of agency used in the FOIA); *Sculimbrene v. Reno,* 158 F. Supp. 2d 26, 35 (D.D.C. 2001) (concluding that "Congress, neither in the text of the Privacy Act, nor in its legislative history, indicates an intention to interpret the term 'agency' in any manner other than as it is used in FOIA.") Hope Village is not an agency subject to either the FOIA or the Privacy Act, and it is not subject to suit under the provisions of those acts. Accordingly, this action cannot be maintained against the identified defendant and dismissal of the complaint is warranted for that reason.

Even if the complaint were liberally construed to assert a FOIA claim against the Department of Justice ("DOJ") or its component, the Federal Bureau of Prisons ("BOP"), the

FOIA claim cannot be maintained. An agency subject to the FOIA is required to disclose records in response to a FOIA request only if certain conditions are met. One of those conditions is that the requester must submit a FOIA request "in accordance with published rules stating the time, place, fees (if any) and procedures to be followed." 5 U.S.C. § 552(a)(3). The DOJ has published regulations specifying the procedures to be followed in submitting a FOIA request directed to the BOP, which require, in the instant case, that the plaintiff send the request to either the BOP's FOIA/PA Section at 320 First Street, NW, Washington, D.C. 20534, or to the FOIA/PA Mail Referral Unit, Justice Management Division, U.S. Department of Justice, 950 Pennsylvania Avenue, NW., Washington, DC 20530-0001. *See* 28 C.F.R. § 16.3(a). The complaint states that the plaintiff submitted two FOIA requests in July and August 2009 by giving them to staff members at Hope Village, and that the staff members told him that they were not required to respond to the FOIA requests. Compl. ¶¶ 11-12. On its face, then, the complaint establishes that the plaintiff did not comply with the applicable DOJ FOIA regulations and thus did not effectively initiate a FOIA request, let alone exhaust his administrative remedies as he is required to do. "The failure to comply with an agency's FOIA regulations [in submitting a request] is the equivalent of a failure to exhaust." *West v. Jackson,* 448 F. Supp. 2d 207, 211 (D.D.C. 2006); *see also Flowers v. IRS,* 307 F. Supp. 2d 60, 67 (D.D.C. 2004) (stating that "'failure to file a perfected request therefore constitutes failure to exhaust administrative remedies'") (quoting *Dale v. IRS,* 238 F. Supp. 2d 99, 103 (D.D.C. 2002)). Therefore, judicial review is precluded in this case, because "as a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Hidalgo v. FBI,* 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (quoting

*Oglesby v. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). Thus, the FOIA claim cannot be maintained even against a proper defendant because it has not been exhausted; it has not even been initiated.

Similarly, substituting the BOP as defendant for the Privacy Act claim would be futile. The complaint alleges that a certain incident report and an adverse finding based on a disciplinary hearing was "unauthorized" and should be deleted from his file. Compl. ¶ 8; *see also id.* ¶¶ 6-8 (alleging that the incident and hearing reports were made by someone with insufficient authority to make them). Incident and disciplinary hearing reports are maintained as part of an inmate's central file, which is maintained by the BOP in its Inmate Central Records System. *See Allmon v. Fed. Bureau of Prisons*, 605 F. Supp. 2d 1, 6 (D.D.C. 2009) (noting that "correspondence from other agencies, internal investigations, disciplinary reports, and progress reports are among the records maintained in the Inmate Central Records System") (internal quotation marks omitted). The BOP's Inmate Central Records System is expressly exempt from the accuracy, amendment, and remedy provisions of the Privacy Act. *See* 28 C.F.R. § 16.97(a)(4) (exempting the Inmate Central Records System from Privacy Act subsections (c)(3) and (4), (d), (e)(2) and (3), (e)(4)(H), (e)(8), (f) and (g)). In short, the exemption effectively deprives plaintiff of any remedy, including damages, for the BOP's alleged failure to maintain its records with the requisite level of accuracy. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (affirming district court's dismissal of Privacy Act claims against BOP because the Inmate Central Record System is exempt from the accuracy provisions of the Privacy Act). Thus, the relief the plaintiff seeks under the Privacy Act is unavailable to him, even if a

proper defendant were substituted. Accordingly, the Privacy Act claim must be dismissed for failure to state a claim upon which relief may be granted.

A separate appropriate order accompanies this memorandum opinion.

Date: 12/21/09

_____
United States District Judge